**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

UNIVERSAL WELDING & CONSTRUCTION, INC.,
a California corporation,

    Plaintiff,

v.

FREEDOM AUTO TRANSPORT, LLC, a Florida
limited liability company, and M&L EXPRESS, LLC, a
Maryland limited liability company,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, UNIVERSAL WELDING & CONSTRUCTION, INC. ("Universal"), by and through the undersigned counsel, hereby sues Defendants, FREEDOM AUTO TRANSPORT, LLC ("Freedom"), a Florida limited liability company, and M&L EXPRESS, LLC ("M&L"), a Maryland limited liability company, and in support alleges:

### PARTIES AND JURISDICTION

1. Plaintiff Universal is a corporation organized under the laws of the State of California with its principal place of business in Bakersfield, CA.

2. Defendant Freedom is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business in Pompano Beach, Broward County, Florida.

3. Defendant M&L is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business in Hagerstown, MD.

4. This Court has jurisdiction over this controversy pursuant to *28 U.S.C. §1332* as all parties are citizens of different states and the matter in controversy exceeds $75,000.00.

5. Venue is appropriate in this Court pursuant to the Agreement between the parties.

## **FACTS RELEVANT TO ALL PARTIES**

6. In or around December 2023, Universal purchased a 100-ton Terex Rough Terrain Crane ("Crane") at an auction in Humble, Texas.

7. After acquiring the Crane, Universal required that the Crane be transported from the auction house in Humble, Texas to its offices in Bakersfield, CA.

8. After acquiring the Crane, in or around December 2023, Universal entered into an Agreement with Freedom to transport the Crane from Humble, TX to Bakersfield, CA. A copy of the Agreement is attached hereto as **Exhibit "A"**.

9. Pursuant to the Agreement, Freedom agreed to pickup the Crane in Huble, TX on or about December 22, 2023 and deliver the Crane to Bakersfield, CA on or about December 27, 2023.

10. Without the knowledge of the Plaintiff, Freedom retained the services of M&L to transport the Crane from Huble, TX to Bakersfield, CA.

11. On or about December 26, 2023, M&L loaded the Crane onto its Truck and began the trip from Humble, TX to Bakersfield, CA.

12. During the transport to Bakerfield, CA M&L and the Crane went missing. Plaintiff was informed by Defendant Freedom that it was unable to locate M&L and did not know where the Crane was.

13. Pursuant to the Agreement, Freedom agreed to deliver the Crane on or about December 27, 2023. The Crane has not been delivered, and Plaintiff has not been informed where the Crane is or when it will be delivered.

14. During this time Plaintiff has incurred significant damages from the loss of the Crane and loss of use of the Crane.

15. Plaintiff has been required to retain the undersigned and is required to pay them a reasonable fee.

16. All conditions precedent have been performed, have occurred, or have been waived.

## COUNT I – BREACH OF CONTRACT
(Freedom Auto Transport, LLC)

17. Plaintiff reasserts and realleges paragraphs 1 through 16 above as though fully set forth herein.

18. In or around December 2023, Universal purchased the Crane at an auction in Humble, Texas.

19. After acquiring the Crane, Universal required that the Crane be transported from the auction house in Humble, Texas to its offices in Bakersfield, CA.

20. In or around December 2023, Universal entered into an Agreement with Freedom to transport the Crane from Humble, TX to Bakersfield, CA.

21. Pursuant to the Agreement, Freedom agreed to pickup the Crane in Huble, TX on or about December 22, 2023 and deliver the Crane to Bakersfield, CA on or about December 27, 2023.

22. Freedom breach the Agreement by failing to deliver the Crane to Plaintiff in Bakersfield, CA.

23. As a result of Freedom's breach of the Agreement, Plaintiff has suffered damages, including consequential damages resulting from the loss of the Crane and the loss of use of the crane.

WHEREFORE, Plaintiff, Universal Welding & Construction, Inc., demands that judgment be entered against the Defendant, Freedom Auto Transportation, LLC, for damages, consequential damages, attorney's fees, costs, and for such further relief that this Honorable Court deems just and proper.

## COUNT II – NEGLIGENT BAILMENT
(M&L Express, LLC and Freedom Auto Transport, LLC)

24. Plaintiff reasserts and realleges paragraphs 1 through 16 above as though fully set forth herein.

25. In December 2023, Universal entered into an Agreement with Defendants for the shipping of the Crane from Huble, TX to Bakersfield, CA. A copy of this agreement is attached hereto as Exhibit A and is incorporated herein by reference.

26. Carriage of the Crane was arranged through Defendant Freedom which, in turn, brokered Defendant M&L, the carrier, for the transport of the cargo from Humble, TX to Bakersfield, CA.

27. The selection of the carrier was solely the decision of Defendant Freedom. Plaintiff had no input whatsoever in the selection of the carrier. Furthermore, when Freedom agreed to broker the carriage of the Crane, it impliedly agreed that it would select a duly qualified carrier to transport the cargo.

28. The Crane was delivered on December 26, 2023, to Defendants in sound condition at Humble, TX.

29. M&L, the carrier, selected by Freedom, received the Crane on December 26, 2023 and began transporting it to Bakersfield, CA.

30. The Crane was never delivered to the Plaintiff.

31. Defendant Freedom, acting as broker, had a duty to select a qualified carrier to transport the Crane. Defendant breached, failed and violated its duties and obligations as broker and was otherwise at fault.

32. Plaintiff duly performed all its duties and obligations under the parties' agreement.

33. Defendant Freedom was a bailee for hire of the Crane at issue. As a bailee, Defendant owed a duty to carry the Crane, and to return the Crane to the bailor in the same good order and condition as received.

34. Plaintiff/bailor delivered the Crane to Defendants in good order and condition, for the particular purpose of transportation of the Crane from Humble, TX to Bakersfield, CA.

35. Defendants had both the express and implied duty as a bailee to transport the subject the Crane from Humble, TX to Bakersfield, CA and to return the Crane to the Plaintiff/bailor in the same good order and condition as it was received by Defendants.

36. Defendants breached their duty as bailees by failing to return the Crane as directed by the Plaintiff/bailor in the same good order as received. Defendants, in fact, failed to deliver the Crane.

37. As a result of the breach by Defendants, Plaintiff has been incurred damages for the loss of the Crane and the loss of income of the Crane.

WHEREFORE, Plaintiff, Universal Welding & Construction, Inc., demands that judgment be entered against the Defendant, Freedom Auto Transportation, LLC and M&L Express, LLC, for damages, consequential damages, attorney's fees, costs, and for such further relief that this Honorable Court deems just and proper.

Respectfully Submitted,

THE KOGAN FIRM, P.A.
Attorney for Plaintiff
500 NE 4th St. Ste. 200
Ft. Lauderdale, FL 33301
Telephone:   (954) 281-8888
Facsimile:   (954) 206-0777
Email: paul@kogan.law

By: __/s/ Pavel Kogan_____
    PAVEL KOGAN, ESQUIRE
    FLORIDA BAR NO.: 64339